UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. POKLADEK,

        Petitioner,

                              CASE NO. 14-13602

v.

                              PAUL D. BORMAN
DWAYNE BURTON,              UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**ORDER DENYING PETITIONER'S REQUEST
FOR IMMEDIATE RELEASE** (ECF No. 7),
**DENYING HIS MOTION TO STRIKE** (ECF No. 8),
**DENYING HIS MOTION FOR SUMMARY JUDGMENT** (ECF No. 10),
**AND ORDERING RESPONDENT TO FILE THE STATE COURT
TRANSCRIPT FOR SEPTEMBER 4, 2013**

Petitioner Michael L. Pokladek filed a *pro se* habeas corpus petition on September 15, 2014. The pleading challenges Petitioner's plea-based conviction for attempted fleeing and eluding a police officer, third degree. *See* Mich. Comp. Law §257.602a(3)(a). The trial court sentenced Petitioner to probation for the crime. Petitioner subsequently violated the conditions of probation and apparently pleaded guilty to the charge of violating the conditions of probation. The trial court then sentenced Petitioner to imprisonment for six to thirty months.

Petitioner's sole ground for relief in the habeas petition is that the state trial court failed to comply with a court rule at a hearing on the charge that he violated the conditions of probation. Petitioner contends that, as a result of the trial court's omissions,

this Court is precluded from finding that his guilty plea was voluntary, understanding, and accurate.

On March 23, 2015, respondent Dwayne Burton filed an answer to the habeas petition. He argues that Petitioner's claim is not cognizable on habeas review because it is rooted in state law and that the Michigan Court of Appeals reasonably determined that Petitioner's claim is meritless. Currently before the Court are Petitioner's request for immediate release from prison (ECF No. 7), his motion to strike Respondent's answer (ECF No. 8), and his motion for summary judgment (ECF No. 10). Respondent has not filed an answer to Petitioner's motions or request.

**I. The Request for Immediate Release and Motion to Strike** (ECF Nos. 7 and 8)

In his request for release from prison and in his motion to strike, Petitioner claims Respondent's answer to the petition is missing the even-numbered pages. Petitioner asserts that he cannot be expected to file a reply to the answer without the missing pages. Petitioner also asserts that Respondent is being deceitful and that counsel for Respondent violated Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1746 by not declaring under penalty of perjury that his answer to the petition is true and correct.

Petitioner is not entitled to the relief he seeks because counsel for Respondent notified Petitioner in a letter dated April 14, 2015, that he was mailing a complete copy of his answer to Petitioner. *See* Letter to Michael Pokladek, ECF No. 9. Petitioner, in fact, concedes in his motion for summary judgment that Respondent forwarded a corrected copy of his answer to him. *See* Mot. for Summary Judgment, ECF No.10, page 1.

Furthermore, although habeas petitioners are required to sign their petitions "under penalty of perjury," nothing in the habeas rules requires the respondent to sign his or her answer under penalty of perjury. *Cf.* Habeas Rule 2(c)(5) with Rule 5(b), (c), and (d). By presenting his signed answer to the Court, counsel for Respondent certified that, to the best of his knowledge, information, and belief his pleading was being presented for a proper purpose and that his defenses were warranted. Fed. R. Civ. P. 11(b)(1) and (2). The Court therefore denies Petitioner's motion to strike Respondent's answer (ECF No. 8).

The Court denies Petitioner's request for immediate release from prison (ECF No. 7) for the same reasons and for the additional reason that the request appears to be moot. On June 9, 2015, Petitioner notified the Court that he has been released on parole and is now living at an address in Grosse Pointe Woods, Michigan. *See* Notice of Change of Address, ECF No. 11.

## II.  The Motion for Summary Judgment (ECF No. 10)

In his motion for summary judgment, Petitioner challenges Respondent's comment in his answer to the petition that "the September 4, 2013 transcript will reflect a lawful plea colloquy, dispelling Pokladek's claims." Answer in Opp'n to Pet. for Writ of Habeas Corpus, ECF No. 5, page 24. Petitioner correctly points out that there is no certified record before the Court of the September 4, 2013, plea proceeding.

A party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed.

3

R. Civ. P. 56(a). "In making that determination, a court must view the evidence 'in the light most favorable to the opposing party.' " *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

Here, there is a genuine dispute of fact as to whether Petitioner pleaded guilty voluntarily and knowingly. Respondent, moreover, states in his answer to the petition that he has ordered the transcript for September 4, 2013, and will file it with an amended answer to the petition once it is received. Answer in Opp'n to Pet. for Writ of Habeas Corpus, ECF No. 5, page 23. The Court therefore denies Petitioner's motion for summary judgment (ECF No. 10). The Court nevertheless orders Respondent to file the transcript for the state court proceeding held on September 4, 2013, within twenty-eight days of the date of this order.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2015.

s/Deborah Tofil
Deborah Tofil
Case Manager (313)234-5122