UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL POKLADEK,

    Petitioner,                                       Civil No. 2:14-CV-13602
                                                            HONORABLE PAUL D. BORMAN
v.                                                      UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

    Respondent.
_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS***

Michael Pokladek, ("Petitioner"), currently discharged from his sentence and residing at 1415 North Renaud Road, Grosse Pointe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges the revocation of his probation on his conviction of attempted fleeing and eluding a police officer, third-degree, Mich. Comp. Laws § 257.602a(3)(a). For the reasons stated below, the Court DENIES AS MOOT the petition for a writ of habeas corpus.

**I. BACKGROUND**

Petitioner pleaded *nolo contendere* to the above charge in the Wayne County Circuit Court on November 14, 2012. Petitioner was initially sentenced to probation. Petitioner was subsequently convicted of possession of cocaine. On October 29, 2013, petitioner's probation on the attempted fleeing and eluding conviction was revoked and he was sentenced 6 to 30 months' imprisonment. Petitioner has now been discharged from his sentence on this offense as well for

1

the separate possession of cocaine conviction.[1]

Petitioner seeks a writ of habeas corpus on the following ground:

The probation violation plea and sentencing disposition must be vacated, because the trial court failed to comply with the court rule, thereby precluding this court from finding that the plea was voluntary, understanding, and accurate.

## II.  DISCUSSION

**Petitioner's claim has been mooted by his discharge from custody.**

Petitioner alleges that probation revocation on the attempted fleeing and eluding conviction must be vacated because the state trial court failed to follow the court rule which requires entry of a voluntary, understanding and accurate plea to a probation violation.

Petitioner's discharge from the sentence on his probation violation renders this issue moot.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration

---

[1] This information was obtained from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not considered moot. *Id.*

In cases where a habeas petitioner seeks to challenge his criminal conviction in a habeas corpus action, it is presumed that "collateral consequences" exist even after the petitioner's sentence has expired that are adequate to meet Article Ill's injury-in-fact requirement. *Spencer*, 523 U.S. at 7 (citing *Sibron v. New York*, 392 U.S. 40, 55–56 (1968)); *see also Lane v. Williams*, 455 U.S. 624, 631–32 (1982). This presumption, however, does not extend to probation or parole revocations. *See Spencer*, 523 U.S. at 7–14 (declining to extend the presumption to a habeas petition challenging a parole revocation); *United States v. Kissinger*, 309 F.3d 179, 181–82 (3rd Cir. 2002)(*Spencer* "is not limited to the parole context, but applies with equal force in the probation context," and therefore "collateral consequences" could not be presumed from the "unconditionally released" convict's "allegedly invalid probation revocation").

"[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Medberry v. Crosby,* 351 F.3d 1049, 1054, n. 3 (11th Cir. 2003).

Petitioner completed his sentence and has been discharged from custody. Petitioner has not shown that he suffers continuing collateral consequences flowing from the discharged sentence. Absent such a showing, petitioner's probation violation claims are rendered moot by the completion of the imprisonment term and his discharge from custody. *See Kissinger,* 309 F. 3d 180 (criminal defendant's unconditional release from custody mooted appeal from probation

revocation); *Parks v. Ohio Atty. Gen.*, No. 1:08-CV-00176, 2009 WL 1024573, at * 1-2, 6 (S.D. Ohio Apr. 15, 2009)(petitioner's claim involving his probation revocation rendered moot by the completion of his sentence and his discharge from custody); *see also Prowell v. Hemingway*, 37 F. App'x. 768, 769-770 (6th Cir. 2002)(federal prisoner's § 2241 petition for writ of habeas corpus which challenged his parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences).

Petitioner failed to show that any collateral consequences arose from the revocation of his probation. The Court notes that claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, use against the petitioner as a defendant in a future criminal proceeding, and possible effects on filing a civil rights lawsuit under 42 U.S.C. § 1983 do not constitute sufficient proof of collateral consequences. *See Spencer*, 523 U.S. at 14-16.

Petitioner has been discharged from his sentence on the probation violation pertaining to fleeing a police officer, third degree. Petitioner also has been discharged from his subsequent drug conviction and cannot demonstrate the existence of actual collateral consequences arising from the challenged revocation. In the absence of such a showing, petitioner's claims are rendered moot by the completion of his term of imprisonment. Because petitioner's probationary sentence has been completed and he has been discharged from custody, any injury that petitioner suffered cannot be redressed by a favorable judicial decision from this Court. Petitioner's claims have thus been rendered moot and the petition must be dismissed. *See Diaz v. Kinkela,* 253 F.3d 241, 243-44 (6th Cir. 2001).

The Court denies the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x. 113 (4th Cir. 2003). The Court

will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court also **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.  Furthermore, the Court denies as moot petitioner's Motion for Summary Judgment. (Dkt. # 17).

**SO ORDERED.**


                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated:  February 2, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 2, 2016.


                                            s/Deborah Tofil  
                                            Case Manager